## MADLENER v GREATHOUSE et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1544. Decided May 26, 1939.

E. L. Mikesell, Dayton, for plaintiff-appellee.

A. W. Schulman, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court in favor of plaintiff against defendant, A. N. Greathouse.

The suit was to foreclose a chattel mortgage from defendant Greathouse to plaintiff, on one International Motor Truck Moving Van described in the petition, which mortgage had been filed on May 6, 1932 and refiled May 7, 1935. Plaintiff averred that there was due and payable to her from the defendants, A. N. Greathouse and Ida M. Great-

house, the sum of $2,685.00 on a promissory note executed and delivered to plaintiff under date of May 6, 1932 in the sum of $2,180.00 with interest at the rate of 8% per annum from date. Plaintiff averred that the note was past due, the condition in the mortgage had been broken and prayed for foreclosure and and sale of the chattel property and for equitable relief. Plaintiff also averred that the defendant, The City Loan & Savings Company, claimed some interest in the property and asked that it be required to set up its interest or be forever barred.

In the Common Pleas Court the defendant company filed an answer and cross petition and asserted that the mortgage which it held should be declared to be prior to any claim of plaintiff. The trial judge held against this claim of defendant and no appeal has been prosecuted from this judgment.

The defendants, A. N. Greathouse and Ida M. Greathouse, in their answer, by way of first defense, deny that there is any sum whatsoever due and owing from them to the plaintiff and deny that plaintiff has any note of the defendant now due and unpaid and generally deny all other allegations of the petition. Defendant, A. N. Greathouse, by way of second defense, admits the execution of the note dated May 6, 1932, which is set up in the petition; avers that thereafter on January 17, 1935, the above mentioned note was paid and surrendered to the defendant and a new note given in the sum of $2,459.11 payable to John Madlener; that this note was later surrendered by said Madlener and a new note in the sum of $2,459.11, given of date January 17, 1936, due six months after date, payable to said Madlener.

Defendant further alleges that on December 28, 1936, John Madlener brought suit on said last mentioned note in Common Pleas Court of Montgomery County, Ohio, and obtained a judgment thereon against defendant and issued an execution on said judgment and levied upon the International Truck, described in plaintiff's petition.

Defendant denies that the chattel mortgage described in plaintiff's petition constitutes or is a lien upon the truck described therein; denies that plaintiff is entitled to foreclosure of said mortgage; avers that said chattel mortgage has become null and void and that plaintiff should be ordered to cancel the same.

Plaintiff by way of reply to the answer of defendants, admits the execution of the note January 17, 1936 in the sum of $2,459.00 payable to John Madlener, then husband of the plaintiff therein and that said Madlener may have obtained and surrendered the note of May 6, 1932, A. N. Greathouse to Ida M. Greathouse, to plaintiff, without consent or agreement of plaintiff; denies that the debt represented by the note of May 6, 1932, and secured by the chattel mortgage set forth in the petition was paid; admits that John Madlener reduced the note of January 15, 1936, to judgment. Plaintiff further avers that in case No. 16636, in the Court of Common Pleas, Montgomery County, Ohio, Division of Domestic Relations, wherein Martha Ernestine Madlener was plaintiff and John Madlener, et al, defendants, the court found that the defendant, John Madlener without the consent and unknown to plaintiff, Martha Ernestine Madlener cancelled or surrendered the promissory note aforesaid and obtained a new cognovit note from said A. N. Greathouse payable to said John Madlener and had reduced the same to judgment in the Court of Common Pleas of Montgomery County and that in said divorce case said court considered, adjudged and decreed that the chattel mortgage set forth in the petition herein be and inure to the plaintiff divested of every claim, right, title or interest of the said John Madlener and decreed the assignment of all and/or any right of said John Madlener in and to the aforesaid note together with judgment obtained thereon to the plaintiff herein.

The trial judge found for the plaintiff and against the defendants, A. N.

Greathouse and Ida M. Greathouse, on the issues drawn as to the right of the plaintiff to foreclose the chattel mortgage set up in her petition; found the amount due plaintiff from defendants, declared her mortgage to be the first and best lien on the truck described in the petition and ordered the property sold as upon foreclosure. Judgment was entered upon the finding and it is from this judgment that this appeal is prosecuted.

The claims of the appellants may be taken from the brief of their counsel in this case.

(1) The plaintiff in the case not holding any note or evidence of indebtedness against the defendant was not entitled to a foreclosure of the mortgage, the mortgage being merely a security for a debt, there being no debt, there was nothing to foreclose.

(2) Could the decree of the Domestic Relations Court awarding to the plaintiff all of her husband's (John Madlener) rights in and to the note executed to him and upon which he had already obtained judgment, effect the defendant's rights, he not being a party to the action in the Domestic Relations Court?

(3) The note in question having been reduced to judgment by John Madlener and execution levied upon the identical truck covered by the mortgage this constituted an election by the judgment claimant to waive his rights as mortgagee, if he had any. and rendered the chattel mortgage void.

In the trial in the Common Pleas Court and upon the record submitted in this Court, the parties have offered evidence relative to all three of the aforesaid questions.

It is our judgment that if the averments of the reply as to the decree of Domestic Relations Court in the divorce case, wherein Martha Ernestine Madlener was the plaintiff and John Madlener was the defendant, are true this is dispositive of the controlling issue in this case. The Court which heard the divorce case between the Madleners had full and complete jurisdiction to determine all property rights as between these parties. Defendant Greathouse can only be heard to complain of any order made in the divorce case if it appear that his rights had been infringed.

It is said that the property adjudication by the Domestic Relations Court, wherein it was determined that the plaintiff was entitled to every right growing out of the original claim of plaintiff against the Greathouses, may not be held to be effective because the plaintiff has appealed from this judgment. There is no proof of such fact, but if it be granted, it would not have the effect claimed by defendants. The only type of appeal which could be prosecuted by the plaintiff from the decree in the divorce case would be upon questions of law. Such an appeal would not suspend the judgment unless and until a supersedeas bond was given. Inasmuch as the record in this case is silent on the whole matter, we can indulge no presumptions except that the judgment of the Domestic Relations Court is in full force and effect.

How may it be said that the defendants are denied any legal rights to which they are entitled if a decree be granted in behalf of the plaintiff as prayed in her petition? Defendant A. N. Greathouse to all intents and purposes admits that the amount which plaintiff claims is due her, which is secured by the chattel mortgage, is correct. True, he says that he has made payments with which he has not been credited, but there is no proof whatever to this effect. He also further says that the plaintiff had gotten all the money which was due her on the original note; that the renewal notes were for holdings possessed by John Madlener and were made payable to him with the knowledge, consent and direction of plaintiff. These facts, however, have been otherwise determined by the decree in the Domestic Relations Court.

Insofar as the defendants are concerned their rights are properly protected when it is determined who, as between the plaintiff and John Madlener, is entitled to the claim which one of them holds against the defendants. Nor can it be said that the defendants are prejudiced by the foreclosure of the mortgage which at all times, under the decree of the court, was the only security which was taken or authorized to be taken by the plaintiff.

The plaintiff is only entitled to pursue one remedy against the defendants. The judgment which was ▆▆▆▆▆ ▆ taken by John Madlener has been found by the Domestic Relations Court to have been unauthorized and that the note upon which the judgment was taken was secured by John Madlener by fraud and that he had no interest in the claim which the note represented. This decree of the Domestic Relations Court would support an action by defendants and a judgment annulling the judgment in a Common Pleas Court.

The claim that the taking of a judgment by John Madlener against the defendant, A. N. Great- ▆▆▆▆▆ ▆ house, and levying execution thereon was a waiver of the right to proceed on the original chattel mortgage fails, for the obvious reason that John Madlener was not authorized to act for the plaintiff to take the judgment or to cause the execution to be issued. Plaintiff, owning the unpaid claim and mortgage against the defendant Greathouse, could not be charged with an election because of action taken by one who was unauthorized to so act.

It is urged that the divorce decree could not affect the judgment taken by John Madlener because ▆▆▆▆▆ ▆ it was not entered until six weeks after the filing of the petition in this case. It is evident that the decree had been entered before the issues were drawn in this action inasmuch as it is set up in the reply. The decree in the divorce case is dispositive of the ownership of the claim against the defendant Greathouse as between the plaintiff and John Madlener.

It is said that inasmuch as the note which the original mortgage was given to secure is not produced, ▆▆▆▆▆ ▆ there is no debt to support the mortgage and it can not be foreclosed. Upon the record it is clear that the original note is in existence. The Domestic Relations Court held, and we also hold, that the debt which it represents has not been extinguished. In this situation, we perceive no reason why the amount due for the purposes of the foreclosure can not properly be determined.

If we assume that the defendants have the right to urge the questions raised by their answer in this case, notwithstanding the adjudication in the Domestic Relations Court, even so, we can not find that the defendants have changed their position to their disadvantage or will be prejudiced by granting the relief to the plaintiff which she seeks. The only act, the result of which might prejudice the defendant Greathouse, is the taking of the judgment and the levying of the execution by John Madlener. If it is, a waiver of the mortgage claim thereby releasing the truck from sale under the mortgage would possibly accord the defendant Greathouse the privilege of certain exemptions which he would not have against the mortgage.

If it could be said that plaintiff would be estopped to deny that John Madlener was her agent in the taking of the subsequent notes, there can be no claim of the defendants that any new or different consideration moved from them, which would require this Court to hold that they should not be bound to their original indebtedness to the plaintiff. However, the defendants can not be heard to say that John Madlener in taking the judgment in Common Pleas Court was acting as agent for the plaintiff, because it is their position that the note was his property and was representative of indebtedness from them to him. Upon any view of this case, the plaintiff did not author-

59

ize John Madlener to take the judgment in Common Pleas Court, nor could it be said that the scope of his agency was broad enough to support such action without further authority than he had as limited agent for the plaintiff.

The act of John Madlener in making the affidavit as agent for the plaintiff to the chattel mortgage securing the first note and that the sum represented thereby was due the plaintiff is strong probative evidence to effect that she was the owner of the debt against the defendants.

It is well settled in Ohio that the giving of a renewal note does not have the effect of creating a █ new debt, nor does it operate as a payment, satisfaction or discharge of the instrument for which it is given, unless it has been so agreed between the parties; the presumption is that it is conditional, not an absolute payment of the obligation. **Minerva Savings & Trust Company v Lyder, 9 Abs 20. Emerrine v O'Brien, 36 Oh St 491; Bank of Cadiz v Slemmons, et, 34 Oh St 142; Leach v Church, Admr., 15 Oh St 169.**

On the question of the cancellation of the original note, §8224 GC is pertinent:

"A negotiable instrument is discharged by an intentional cancellation by the holder."

It is held in **First National Bank of Wellston v Patton Company, 13 O. C. C. (N.S.) 289:**

"When a new note is given at the time the old one is cancelled and the cancellation is made for the purpose of avoiding the subsequent use of the old note, the effect of this provision of the act (§8224 GC) is limited to the express provision a 'discharge of the instrument' and does not effect a discharge of the debt."

**Sec. 8228 GC** reads as follows:

"A cancellation made unintentionally or under a mistake or without authority of the holder is inoperative."

We, therefore, hold that as between the plaintiff and John █ Madlener she is the owner and holder of the note and the claim which the original mortgage was given to secure and of any subsequent notes given for the balance due on the original indebtedness and that all subsequent notes were but renewal notes and did not extinguish the debt represented by the original note; that the judgment taken by John Madlener in the Common Pleas Court is not binding upon the plaintiff because not authorized and because the note upon which the judgment was taken represented no indebtedness which was due John Madlener and that the plaintiff can not be held to have waived her right to proceed on the original mortgage because of the unauthorized act of John Madlener in placing the renewal note into judgment. Finally we find that upon this record and without respect to the divorce decree and the property settlement which is binding as between plaintiff and John Madlener, the defendants have suffered no invasion of their rights by reason of the plaintiff instituting her action to foreclose the chattel mortgage given by defendant Greathouse' to secure the original indebtedness, which has not been extinguished except as to the amount which has theretofore been paid upon said indebtedness. Further that the defendants have not been caused to change their position to their disadvantage by any conduct on the part of the plaintiff which would require this court to say that she should be estopped from urging her rights under the chattel mortgage.

Counsel for defendant cites **Swartz v Liest, 13 Oh St 419,** to effect that the mortgage security is regarded as an incident of the debt but the first syllabus of this case in its entirety clearly shows the inapplicability of the law

there announced to the situation presented in this case. It reads:

"A mortgage of real estate is regarded, in equity, as a mere security for the performance of its condition of defeasance, and where that condition is the payment of a debt, the security is regarded as an incident of the debt, which, **by the legal transfer of the debt, passes with it to the assignee.**" (Emphasis ours).

**Coe v Erb, 59 Oh St 259** is urged upon us suporting the proposition that a stranger can not be bound by a judgment decree in an action to which he was not a party. This is a sound principle of law and we recognize it and have herein considered the rights of the defendants upon the theory that neither of them was a party in the divorce proceeding, although we note that the defendants were John Madlener, et al, but have no information as to the identity of the other defendants.

Finding for the plaintiff as prayed in her petition.

If a motion for new trial is filed, it may be overruled and judgment entered on the finding. The judgment entry may, if counsel for defendants desire, provide that plaintiff shall cause the judgment in the Common Pleas Court against the defendants to be dismissed, which can be done upon the authority of the judgment entry in the divorce case.

Exceptions may be noted for defendants.

GEIGER and BARNES, JJ., concur.