The motion of the defendant to dismiss the complaint is overruled.

*Injunction granted.*

CULLEN *v.* GOVERNMENT SAVINGS & LOAN CO.

(No. 124754—Decided March 15, 1973.)

Hamilton County Municipal Court.

*Mr. Roger B. Baxter,* for plaintiff.
*Mr. Cedric Vogel,* for defendant.

GORMAN, J. This case was heard by the court without intervention of a jury upon the exhibits stipulated by the

parties, the testimony of the secretary of the defendant, Government Savings & Loan Co., and the arguments and memoranda of counsel for the parties. The single issue presented is whether under the terms of a written pledge agreement providing collateral security for a mortgage, the pledgee may charge the pledgor principal and interest, taxes, insurance premiums, late charges and court costs after the judgment entry and decree of foreclosure is entered. The issue is one of first, and because of the terms of the pledge agreement, probably last instance.

*Findings of Fact*

Plaintiff is the owner of a savings account which was pledged on February 27, 1962 by Clara A. Mueller, to Ohio Pike Savings and Loan Co., as collateral security for a note and mortgage in the sum of $8,000.00 for Paul and Ruth Brandenburg, the mortgagors. On that date, $2,-000.00 was on deposit in plaintiff's account. Defendant is the successor to the Ohio Pike Savings and Loan Co. The pledge agreement which was prepared by defendant's attorney states as follows:

"In consideration of the loan of $8,000 being made to Paul W. Brandenburg and Ruth B. Brandenburg on the premises at 1910 Washburn Avenue, Cincinnati, Ohio, by the Ohio Pike Savings & Loan Company, Clara A. Mueller, unmarried, hereby pledges to leave on deposit in Savings Account No. 751 with said Ohio Pike Savings & Loan Company, the sum of $2,000.00 until such time as the principal and interest to Paul W. Brandenburg and Ruth B. Brandenburg is reduced to the sum of $6,000.00.

"Provided, however, that if the mortgage loan to Paul W. Brandenburg and Ruth B. Brandenburg is foreclosed and the balance due on said loan is in excess of $6,000.00 then we authorize the Ohio Pike Savings & Loan Company to apply the amount necessary from our Savings Account to reduce said loan balance to $6,000.00."

The Brandenburgs subsequently defaulted owing $7,-363.46, as of April 1, 1971, and defendant instituted an action to foreclose the mortgage. On July 28, 1971, a judgment entry and decree of foreclosure was entered of record

rendering judgment against the Brandenburgs in the sum of $7,544.34. Plaintiff was not made a party defendant to this action.

Accordingly, plaintiff demands the return of $636.54 from defendant representing the difference between $7,363.46 owing on the date the complaint for foreclosure was filed and $8,000.00. Defendant, however, asserts that the balance due on the mortgage after foreclosure is $8,639.12. Defendant arrives at this balance by adding to the $7,363.46 balance as of April 1, 1971, the sum of $276.30 for real estate taxes, accrued interest of $415.26, insurance premiums of $43.00, late charges of $192.00, attorney's fees of $250.00 and court costs of $99.10, all of which it claims are incident to the foreclosure.

### Conclusions of Law

In support of its position, the defendant asserts that in the event of foreclosure, it is entitled to include all expenses incident to the sale pursuant to R. C. 2329.33, which provides in pertinent part as follows:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit * * *."

To resolve the conflict, it is necessary to interpret two terms, "balance due" and "foreclosed" as used in the pledge agreement. Where doubt exists as to the proper construction of a written instrument, it must be construed most strictly against the party who prepared it. *Smith* v. *Eliza Jennings Home* (1964), 176 Ohio St. 351. This rule has been equally applied to the construction of collateral pledge agreements. *Minerva Savings & Trust Co.* v. *Lyder* (1930), 9 Ohio Law Abs. 20. Therefore, since counsel for defendant's predecessor prepared the agreement, it is to be strictly construed against it. The statement,

"if the mortgage loan * * * is foreclosed and the balance due on said loan is in excess of $6,000.00 * * *," must be considered in connection with the terms of the first paragraph of the pledge. Paragraph one defines "said loan" as a loan of $8,000.00, and further only requires the collateral security to be kept on deposit until the principal and interest on the mortgage to the Brandenburgs is reduced to $6,000.00. Clearly, then, the drafter of the agreement by this very language exclusively limited the pledge to payment of principal and interest.

To determine the amount to which defendant is entitled as principal and interest requires further construction of the definition of "foreclosed" as used in the pledge agreement. Defendant argues that a mortgage is not foreclosed until the equity of redemption is cut off, and that under the terms of R. C. 2329.33, the equity of redemption is not cut off until the sale is confirmed. Defendant contends that the purpose of this pledge was to guarantee defendant's predecessor against a loss in excess of $6,000.-00. Alternatively, it is equally as feasible to conclude that the pledge was required for a sufficient down payment under R. C. Chapter 1151 which governs loans by building and loan associations.

Although no case in Ohio has specifically defined the term, "foreclosed," R. C. 2323.07 provides as follows:

"When a mortgage is *foreclosed* or specific lien enforced, *a sale* of the property shall be ordered. * * *" (Emphasis added.)

This language conclusively establishes that foreclosure is separate from sale. Consequently, when the judgment entry and decree of foreclosure was entered on July 28, 1971, showing the sum of $7,544.34 was owing, the mortgage was foreclosed and plaintiff was entitled to the difference between $1,544.34 and $2,000.00 under the terms of the pledge agreement.

Accordingly, judgment is rendered for the plaintiff against the defendant in the sum of $455.66.

*Judgment for plaintiff.*