**BARGER, Plaintiff-Appellant v. GETHING et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1755.   Decided May 25, 1943.

T. L. Barger, Dayton, for plaintiff-appellant.
John H. Shively, Dayton, for defendant, Mrs. Gething.

**OPINION**

By BARNES, P. J.

The above entitled cause is now being determined as an error

proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

On or before October, 1926, plaintiff was the owner of a residence propertly located at 1601 North Main Street, in the city of Dayton, Ohio, in which property the defendant, Martha Susan Gething, was a tenant. The property was for sale and Mrs. Gething was interested in purchasing it due to the fact that her husband, Mr. Gething, was seriously ill and they desired to remain in the premises. The sale price submitted was $9000.00. The defendant, Mrs. Gething, had $1000.00 with which to make a cash payment. She sought to negotiate a loan with the defendant Fidelity Building Association for the balance of $8000.00. The defendant Fidelity was unwilling to make a loan of $8000.00 with the property as the sole security. It was finally arranged that the plaintiff, who had a running stock account with the Association, would put her account up as collateral security for Mrs. Gething's loan of $8000.00.

The transaction was closed under the above plan; that is, the plaintiff, Mrs. Barger, and her husband executed a deed to Mrs. Gething for the premises in question. Mrs. Gething executed a note and mortgage to the Fidelity for $8000.00 and upon Mrs. Barger assigning her running stock account in the sum of $1000.00, Mrs. Gething received $8000.00, which, together with her $1000.00 cash in hand, was paid to the plaintiff as full compensation for the premises conveyed.

Mrs. Gething made her payments to the Fidelity for a period of years, but in the latter part of 1934, due to the depression, was unable to continue her payments and became in default. In the interim between 1926 and 1935, the Fidelity paid all accumulated dividends to the plaintiff and in addition paid to her $600.00 on the principal of the running stock.

On or about April 5, 1935, the Fidelity notified Mrs. Clara Barger that they would apply the balance of the running stock account, then amounting to $407.04, on the mortgage loan because of Mrs. Gething's default.

On May 22, 1935, the plaintiff, through her attorneys, Barger & Orendorf, addressed a letter to Mrs. Gething, calling her attention to the action of the Fidelity and asking reimbursement.

On January 30, 1936, the defendant, Mrs. Gething, with the consent of the Fidelity, negotiated a loan through the Home Owners' Loan Corporation, through which the Fidelity agreed to accept $3781.69 in bonds of the Home Owners in full settlement of the balance due on the mortgage note of $7547.16. This new loan was consummated on or about that date.

Plaintiff, not being compensated by the defendant for the amount of the collateral security applied on the mortgage debt, filed petition against the defendant, Mrs. Gething, and the Fidelity Building Association on December 28, 1939. The prayer of the peti-

tion was for personal judgment against the defendant, Mrs. Gething, and an accounting against the Fidelity.

The bare statements as above very clearly demonstrate that the plaintiff is entitled to recover.

The factual situation presents the legal principle that where one party goes security for another, an implied obligation arises that the principal will pay the obligation and save the surety harmless. Where the surety by reason of the principal's default is compelled to pay, an action arises in favor of the surety against the principal.

An examination of the pleadings and the evidence would indicate that the parties lost sight of the simple everyday principle and confused the real question.

Plaintiff in her original petition omitted the allegation that the collateral security for the $8000.00 mortgage loan was given with the knowledge and request of the defendant. Through the amended petition plaintiff added the following allegation:

"As a consideration for the pledging of said stock certificate as alleged herein, said Martha Susan Gething promises and agrees with said plaintiff that she would compensate her for any loss of payments she the said plaintiff shall be compelled to make under the terms and conditions as set out in said pledged stock."

Counsel for the defendant, Mrs. Gething, interposed a motion, requesting that plaintiff set out whether or not this agreement was oral or in writing. Counsel for plaintiff agreed to amend at bar by inserting the word "oral". This allegation further confused the issue, since all that was necessary for plaintiff to show in order to recover was that the putting up of the stock as collateral security was with the knowledge or at the request of the defendant. The single instance under which a person giving collateral security can not recover is where such act is voluntary, and without the knowledge or acquiescence of the principal.

The above principle of law is very fully set out in **Vol. 38 O. Jur. (Suretyship) §§219, 220 and 221, pp. 590, 591, 592.**

We refrain from copying these sections for various reasons: First, it would add unnecessary length to this opinion; and. second, it is a statement of elementary principles so well recognized that no authority need be cited.

The sole question to be given attention is whether or not the plaintiff, having inserted in her amended petition an oral promise to repay, thereby takes away the implied promise arising under the law. We have no difficulty in answering this question in the negative.

There is absolutely no question under the facts presented through the bill of exceptions that the defendant, Mrs. Gething, had knowledge that the running stock account was being put up with the Fidelity as collateral security for her loan and that such collateral was with her acquiescence and consent.

There is some evidence supporting the allegation of a direct promise to pay, but it arises more as an inference than from any direct statement. We think it is a matter of common knowledge that it is very rare that where a person goes security for another, that the parties go through the form of an oral agreement that in the event the principal does not pay and the surety is called upon to pay that the principal will reimburse. Generally, the surety has faith in his principal and does not expect to be called upon to pay, although recognizing the obligation. Generally, the principal expects to pay and does not expect the surety to be called upon. Sometimes the surety is called upon and when such a situation arises, he is entitled to recover from his principal whether or not anything is said about reimbursement.

Counsel for appellee urges in his brief that the evidence fails to support an oral or implied agreement. The trial court in his determination arrived at the same conclusion, as is demonstrated from the journalized entry. We take it from this that both counsel and the trial court recognized that the plaintiff should be entitled to recover if there was an agreement, either oral or implied.

Through the briefs of counsel this question is broached in other ways, but we do not think it helpful to discuss this.

Finding as we do, that under the undisputed facts there was an implied agreement to repay, and plaintiff's collateral security having been appropriated in the sum of $407.04, on April 4, 1935, judgment for this amount should be returned against the defendant, Mrs. Martha Susan Gething.

The Fidelity in their answer submitted an accounting and it was conceded by the plaintiff to be correct. This defendant was properly dismissed from the action.

Arriving at our conclusion on the undisputed evidence final judgment will be entered as above. Interest and costs will be included.

Cause remanded for collection of judgment and further proceedings as prescribed by law.

HORNBECK and GEIGER, JJ., concur.