**KEIFER, Exr., Plaintiff-Appellee, v. KISSELL, ADMX., Defendant-Appellant.**

Ohio Appeals, Second District, Clarke County.

No. 468.   Decided November 1, 1947.

Keifer & Keifer, Springfield, for plaintiff-appellee.
Abe Gardner, Springfield, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from the Common Pleas Court, Clark County, Ohio, which rendered judgment in favor of the plaintiff in an action in which the plaintiff, William W. Keifer, as executor under the will of Webb W. Witmeyer, deceased, sought to recover from Olive M. Kissell, administratrix of the estate of Floyd Maxwell Kissell, deceased, a sum of money which the estate of Witmeyer was required and did pay to the Lagonda National Bank of Springfield, Ohio, as the amount due on a note on which the Kissells and Witmeyer were co-signers, the Kissels being the principals, and Witmeyer a surety.

A jury being waived, the matter was tried to the Court on an agreed statement of facts wherein it was stipulated: That the averments of facts in the petition are true; that the notes given in renewal of said indebtedness after February 5, 1944, (the date of death of Floyd M. Kissell) were only signed by Olive M. Kissell and Webb W. Witmeyer; that Olive M. Kissell was appointed administratrix of the estate of Floyd M. Kissell, deceased, on April 5, 1945; and that the plaintiff presented the first written proof of claim to the administratrix on April 11, 1946.

It appears that the original note was signed by Floyd M. Kissell, Olive M. Kissell, and Webb W. Witmeyer, and the indebtedness was secured by mortgage on real estate owned by Witmeyer. Payments were made on said note from time to time, and renewal notes were given.

The real estate mortgaged to secure the debt was sold in a land sale proceeding in the Probate Court of Clark County by the executor of the estate of Webb W. Witmeyer, and said executor was required and did pay to the bank the sum of $3955.17, being the balance due on said note.

The payment to the bank was made on April 10, 1946. The executor presented proof of claim to the administratrix of the Kissell estate on April 11, 1946. The administratrix of the Kissell estate having been appointed April 5, 1945, more than four months had expired before said claim was presented.

The defendant-appellant contends that the Court erred in rendering judgment in favor of the plaintiff on this state of facts. More specifically, the defendant-appellant contends that since the claim was not presented until after the expiration of four months after the date of the appointment of the administratrix, the claim is barred under the provisions of §10509-112 GC, which in part provides:

"All claimants shall present their claims to the executor or administrator in writing * * * whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator."

In support of the contention that the presentment of the claim within the four-month period is mandatory, the following cases are cited: **Prudential Ins. Co. v Realty Co., 143 Oh St 564; Beach v Mizner, 131 Oh St 481; Akron Securities Co. v Ritzman, 79 Oh Ap 80; Breen, Admrx., v Conn, et al, Exrxs., 64 Oh Ap 325; Hampton, Admr., v Replogle, 47 Oh Ap 394; In Re Estate of Christopher, 26 Abs 422.** We approve of the principle of law for which these cases are authority. However, this principle of law has no application to the facts in the instant case.

The last sentence in §10509-112 GC, is as follows:

"Claims which are contingent need not be presented except as otherwise provided in this chapter."

By an amendment to the Probate Code, effective August 22, 1941, provision was made for the presentment of a contingent claim in the enactment of §10509-216 GC, which provides:

"**If a claim is contingent at the time of the decedent's death and a cause of action subsequently accrues thereon,** such claim must be presented to the executor or administrator, in the same manner as other claims, before the expiration of four months after the appointment of the executor or administrator **or before the expiration of two months after the cause of action accrues, whichever is later, except as here-**

inafter provided. The executor or administrator shall allow or reject such claim in the same manner as other claims are allowed or rejected. If the claim, on being presented is allowed, the executor or administrator shall proceed to pay such claim according to law. **If the claim is rejected, the claimant shall commence an action thereon within two months after such rejection** or be forever barred from maintaining an action thereon." (Emphasis ours.)

The exception mentioned in the above quoted section is found in §10509-216b GC, and has no application to the instant case. The plaintiff in this case properly proceeded under §10509-216 GC. No cause of action accrued to the plaintiff until payment was made by the executor of decedent's estate. 38 O. Jur. 590-592; **Henderson-Achert Litho Co. v The John Shillito Co., 64 Oh St 236; Poe v Dixon, 60 Oh St 124; Barger v. Gething, 39 Abs 221, 223.** The claim was presented the day after the cause of action accrued, and suit was instituted within two months after said claim was rejected.

Unquestionably the claim of plaintiff's decedent was a contingent claim. In **Pierce v Johnson, Exr., 136 Oh St 95,** the Courts on page 98 say:

"Authorities agree that a contingent claim is one, the liability upon which is dependent upon some uncertain future event which may or may not occur. It is this element of dependency upon an uncertainty which renders a claim contingent."

See also 21 Am. Jur. 582, 583; 11 R. C. L. 205; 34 C. J. S. 171. A contingent claim must not be confused with an unmatured claim. In the 1941 amendments to the Probate Code, unmatured and contingent claims were carefully distinguished. **Sec. 10509-112 GC** provides that all claimants shall present their claims "whether due or not due." This provision relates to matured and unmatured claims. An unmatured claim is one where the liability is certain but the maturity or due date has not arrived; whereas, a contingent claim is one where the liability depends upon some indefinite or uncertain future event which may never happen and liability may never arise. The claim of the plaintiff was a typical contingent claim which is controlled by §10509-216 GC. The plaintiff was not required to proceed under §10509-134 GC, which prescribes the procedure for presenting claims which are not presented within the time prescribed by law; neither was the plaintiff amenable to other provisions of this section.

It is urged by defendant-appellant that the renewal of said notes after the death of Floyd M. Kissell by Olive M. Kissell and Webb W. Witmeyer operated as an extinguishment of the debt of Floyd M. Kissell. With this contention we cannot agree. It is well-established that the renewing of notes from time to time in no way extinguishes the original debt. It is simply an extension of the time of payment and a change as to the evidence of the debt. 31 O. Jur. 183; **Chase v Brundage, 58 Oh. St 517; Leach v Church, Adm'r., 15 Oh St 169;** Bank v Patton Co., 13 O. C. C. (N. S.) 289; **Minerva Savings & Trust Co. v Lyder, 9 Abs. 20, 21.**

Finding no error in the record, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.