PRIESTMAN, Appellant,

v.

ELDER et al., Appellees.

[Cite as *Priestman v. Elder* (1994), 97 Ohio App.3d 86.]

Court of Appeals of Ohio,
Wood County.

No. 93WD122.

Decided Sept. 16, 1994.

W. *Edward Hatcher*, for appellant.
*Gregory R. Elder*, for appellees.

---

SHERCK, Judge.

This is an appeal from an order of the Wood County Court of Common Pleas which granted summary judgment to a seller of real property who was involved in a dispute with a real estate agent over a sales commission. Because we conclude that the trial court properly found the agent's claim barred by a statute of limitations, we affirm.

In 1970, appellant, William E. Priestman, contracted with Herbert E. Roether and Helen Roether, husband and wife, to act as their agent to sell or lease parcels

of property which the Roethers owned near Perrysburg, Ohio. Under the terms of this contract, appellant was to receive a commission of six percent on any rental payments and ten percent of the purchase price of a sale.

Shortly after entering into this agreement, appellant successfully negotiated on the Roethers' behalf a twenty-year lease with the Standard Oil Company. The lease contained an option permitting Standard Oil to purchase the property at the conclusion of the primary lease period for a price of $160,000.

Following the execution and recording of the lease, appellant and the Roethers executed a separate instrument wherein, "Herbert E. Roether and Helen G. Roether, their heirs and assigns, hereby agree to pay to W.E. Priestman, his heirs and assigns, a real estate commission in the sum of SIXTEEN THOUSAND AND no/100 dollars," in the event Standard Oil or its successors exercised the purchase option. This agreement was properly witnessed and notarized, but it was not recorded.

Herbert Roether died in 1975. Upon the death of Helen Roether in 1985, the Roethers' daughter, appellee Laura Ann Elder, inherited the property in question.[1] In 1990, Standard Oil's successor in interest, BP Oil, elected to exercise its option and purchased the property. Appellant did not become aware of this sale until July 1992, at which point he demanded payment from appellees. When appellees refused appellant's demand for payment, he sued appellees for his $16,000 commission. Appellees answered appellant's complaint denying the debt upon the contract. Appellees asserted, among other defenses, that appellant's claim was barred by the limitations of action provisions of R.C. Chapter 2117. Appellees then moved for, and were granted, a summary judgment on this ground.[2] From this order appellant brings this appeal, setting forth the following two assignments of error:

"1.  The trial court erred in applying R.C. § 2117.41 and in granting defendants' motion for summary judgment on the basis that the plaintiff-appellant's complaint was time-barred.

"2.  The trial court erred in finding that the date of accrual of the cause of action was the date of the sale of the property, not the date of plaintiff-appellant's discovery of the sale."

The rules governing motions for summary judgment pursuant to Civ.R. 56 are well established. Three factors must be demonstrated:

---

1.  Laura Ann Elder's husband, Lynn Elder, is also an appellee.

2.  Appellees also contended in their motion that the claims had been satisfied, but the trial court did not reach this issue in its entry.

"(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794.

■ Appellees argue, and the trial court found, that appellant's claim for a real estate commission was a contingent claim against the estate of Helen Roether. As such, appellees maintain that the claim is statutorily barred unless brought within six months of accrual. This cause accrued, according to appellees, on September 27, 1990, when BP Oil exercised its option to purchase or, at the latest, on October 1, 1990, when the conveyance to BP was recorded.

Appellant initially contends that the agreement to pay the commission was not a contingent estate claim; rather, it was a direct obligation of the Roethers' "heirs and assigns." Therefore, appellant asserts that the applicable statute of limitations should be that for a written contract. Appellant argues that he has satisfied that statute of limitations. Alternatively, appellant argues that, even if his claim was a contingent claim against the estate, its time of accrual should be determined to be July 24, 1992—the date that appellant discovered the sale. Appellant's suit commenced within six months of that date; therefore, appellant maintains that the requirement of R.C. 2117.41 was satisfied.

■ Appellant is correct insofar as he asserts that a party can contractually bind the party's heirs and assigns to pay money after the party's death. *State v. Worthington* (1835), 7 Ohio 171, 172. See, also, 2 Restatement of Law 2d, Contracts (1981) 235, Section 262, Illustration 6; Annotations (1962), 84 A.L.R.2d 12, 48; Annotation (1967), 11 A.L.R.3d 1428. Similarly, one who accepts the benefits of such a contract will generally be estopped from repudiating the accompanying or resulting obligation. *Miles v. Sands Mining Co.* (Dec. 4, 1984), Muskingum App. No. CA–84–6, unreported, 1984 WL 7594.

■ Notwithstanding these general principles, one who seeks to enforce such a contract is not relieved of making presentment of such a claim, upon the death of a contract obligor, to the administrator or executor of the obligor's estate. R.C. 2117.06. Timely presentment is mandatory. *Keifer v. Kissell* (1947), 83 Ohio App. 133, 135, 38 O.O. 224, 225, 75 N.E.2d 692, 692. Failure to file within the statute bars the claimant from later reasserting such a claim. *Id.*

The purpose of such presentment is to promote an early completion of administration and a prompt settlement of estates. *Baker v. Charles* (P.C.1963), 95 Ohio Law Abs. 97, 99; *Burwell v. Maynard* (1970), 21 Ohio St.2d 108, 111, 50 O.O.2d 268, 270, 255 N.E.2d 628, 629.

■ A statutory exception to the rule that all claims must be filed within the periods prescribed in R.C. 2117.06 and 2117.07 exists for contingent claims. These claims need not be presented until a time based on the accrual of a cause of action. Such claims which arise during administration of the estate must be presented within three months of the appointment of an executor or administrator, or within two months of the accrual of the action. R.C. 2117.37. If the claim accrues after an account of final distribution has been filed, no presentment is necessary and a claimant may proceed by civil suit directly against a distributee or the estate as otherwise provided. R.C. 2117.39; see, also, R.C. 2117.41 and 2117.42. "No such suit shall be maintained unless commenced within six months next after the time when the cause of action first accrues * * *." [3] R.C. 2117.41. A contingent claim is one where the liability depends on some indefinite and uncertain future event which may never happen, and liability may never arise. *Keifer v. Kissell, supra,* 83 Ohio App. at 137, 38 O.O. at 226, 75 N.E.2d at 693.

In the instant matter, the exercise of Standard Oil's option to purchase was an indefinite and uncertain event which may have never occurred. Therefore, appellant's commission claim did not accrue until BP, Standard's successor, exercised its purchase option. This occurred some five years after Helen Roether's death and well after the final distribution of her estate. Since it was BP's exercise of the option that gave rise to the obligation, the trial court was correct in determining, pursuant to R.C. 2117.41, that appellant's claims accrued on September 27, 1990. Accordingly, appellant's first assignment of error is not well taken.

■ In his second assignment of error, appellant would have us apply a discovery rule to R.C. 2117.41 similar to that utilized for malpractice claims. For the sake of argument, even were we to find such a rule applicable, it would be of little benefit in this case.

■ Appellant states that he was unaware of the sale at the time it occurred. Therefore, he suggests that he should not be held accountable for knowledge of the sale until he actually discovered it. However, a malpractice type discovery rule tolls time only until an event is discovered or should have been discovered in the exercise of reasonable care. *Browning v. Burt* (1993), 66 Ohio St.3d 544, 568, 613 N.E.2d 993, 1010. In this case, appellant, as a party to his own agreement

---

3. Or within a year after the removal of a claimant's legal disability.

with the Roethers, knew that he would have a commission claim if the property were purchased by Standard Oil or its successor at the end of the primary lease period. Having that knowledge, one would expect appellant to exercise reasonable care in monitoring the progress of his potential claim. The recording of the conveyance of the property provided appellant with constructive notice of the sale. Further, appellant took no measures to inject his contingent claim into the chain of title of the property itself, either by referencing it in the purchase option or by recording the agreement as an attachment to the lease or by separate instrument that indexed the property; therefore, knowing that his agreement was not a potential encumbrance on the property, appellant should have been even more vigilant as to the potential sale of the property. Thus, given appellant's failure to take reasonable steps to discover the sale of the property, we can only conclude, as did the trial court, that the appropriate accrual date of appellant's cause of action was no later than October 1, 1990. Accordingly, appellant's second assignment of error is not well taken.

The judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.