OPINION
{¶ 1} Defendant-appellant the estate of Harriet Steel, by its executrix, Jennifer Marsha Steel, a.k.a. Jennifer Marsha Glander, appeals from a summary judgment rendered in favor of plaintiff-appellee H R Accounts, Inc., assignee of Pioneer Hibred International, Inc. The Estate contends that H R's claim against it was perfected more than one year after the decedent died, and is therefore time-barred by R.C. 2117.06.
 {¶ 2} We conclude that the claim against the Estate was perfected when the executrix was notified of the claim, in writing, within the time permitted by the statute. Accordingly the judgment of the trial court is Affirmed.
 I {¶ 3} Decedent Harriet Steel passed away on April 16, 2003. The decedent had named her daughter, Jennifer Marsha Glander, as the executrix of her estate. H R had given consideration to Pioneer Hibred International for its claim against decedent in the amount of $11,040.09, being a claim on account for the purchase of seeds. On August 15, 2003, H R submitted a demand-for-payment letter to the law office decedent had shared with Glander prior to her death. All of H R's prior correspondence with the decedent had been sent to this law office.
 {¶ 4} On August 26, 2003, paralegal Colleen Stapleton of the VanTine law office, representing H R, received a telephone call from a woman identifying herself as Glander. Glander indicated that she had the financial power of attorney for Harriet Steel, the decedent. Glander further indicated that Harriet Steel had been "ill lately," but did not indicate, directly or indirectly that Harriet Steel had died. Glander acknowledged receiving the demand-for-payment letter. She claimed that there had been some credit-card payments tendered on the account. Stapleton said that she would check the status of the account.
 {¶ 5} Stapleton sent another letter to Harriet Steel, the decedent, on October 7, 2003. In that letter, Stapleton indicated that she had spoken with Glander and attached a current statement of the account for review. Stapleton further indicated in the letter that Pioneer had not indicated that any credit-card payments had been made towards the account.
 {¶ 6} H R filed a complaint against the Estate on the account. The Estate responded by filing a copy of the decedent's death certificate with the court. H R filed a motion to amend the complaint, alleging that Glander had not informed H R that decedent had died.
 {¶ 7} H R filed a motion for summary judgment, asserting that because it had provided written notice to Glander of its claim against the Estate, the Estate's defense that the claim was presented outside of the statutory six-month window for presenting a claim against an estate must fail.
 {¶ 8} On May 2, 2005, the trial court filed an entry indicating that it had granted H R's motion for summary judgment. On May 6, 2005, the Estate filed a motion for leave to file a response to H R's motion for summary judgment, indicating that the Estate had not received H R's motion and was unaware that it needed to respond. The trial court granted the Estate leave to respond.
 {¶ 9} In H R's response to the motion for summary judgment, it asserted that the Estate has not disputed certain facts, namely that Harriet Steel passed away on April 16, 2003, that a demand-for-payment letter was sent to Harriet Steel at the law office that she had shared with Glander, and that Glander, Steel's daughter, law partner, and executrix, had received the letter. The Estate, as H R pointed out, has not contested these facts, but contends that the demand letter was not a proper and timely claim against the Estate.
 {¶ 10} The trial court rendered summary judgment in favor of H R. In its judgment entry, the trial court stated:
 {¶ 11} "Summary judgment was granted in favor of Plaintiff and against Defendant in the sum of Ten Thousand Nine Hundred Eighty Eight dollars and Fifteen cents ($10,988.15) on May 2, 2005.
 {¶ 12} "Thus, Defendant's Motion is not timely.
 {¶ 13} "However, the Court has again reviewed Plaintiff's Motion for Summary Judgment; Defendant's Motion Contra to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment; and Plaintiff's Reply to Defendant's Memorandum Contra to Plaintiff's Motion for Summary Judgment.
 {¶ 14} "A review of these pleadings indicates that the Plaintiff's Motion for Summary Judgment would still be granted.
 {¶ 15} "Wherefore, it is ordered that the judgment entry filed May 2, 2005, will remain in full force and effect."
 {¶ 16} From the summary judgment rendered against it, the Estate appeals.
 II {¶ 17} An appellate court reviews a summary judgment denovo. Cramer v. McCray (Oct. 14, 2005), Mont. App. No. 20791,2005-Ohio-5507, at ¶ 7. Summary judgment is appropriately granted when, looking at the evidence as a whole: (1) there exist no genuine issues as to any material facts; (2) reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party; and (3) the facts demonstrate that the moving party is entitled to judgment as a matter of law. Hortonv. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-687, 1995-Ohio-286, 653 N.E.2d 1196. The moving party bears the burden of demonstrating that no genuine issues of material fact exist for a trier of fact to determine. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party may successfully meet its burden by showing that the non-moving party's case lacks sufficient evidence to support its claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 289-290, 1996-Ohio-107, 662 N.E.2d 264.
 III {¶ 18} The Estate's First Assignment of Error is as follows:
 {¶ 19} "THE DECISION OF THE TRIAL COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE/PLAINTIFF IS CONTRARY TO LAW."
 {¶ 20} The Estate argues that the trial court's decision to grant summary judgment in favor of H R is error. We disagree
 {¶ 21} R.C. 2117.06(A) states, in pertinent part:
 {¶ 22} "All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners: * * *
 {¶ 23} "(c) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section."
 {¶ 24} "All claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period." R.C. 2117.06(B)
 {¶ 25} Only a written presentment provided to the administrator during the statutory time period can constitute a presentment of a claim against an estate within the meaning of the statute; the presentment of a claim in writing to the administrator of the estate is a condition precedent to the creditor bringing suit on that claim. Varisco v. Varisco
(1993), 91 Ohio App.3d 542, 632 N.E.2d 1341. The purpose of the requirement of the presentment of a claim, upon the death of a contract obligor, to the administrator or executor of the obligor's estate is to promote early completion of administration and prompt settlement of estates. Priestman v. Elder (1994),97 Ohio App.3d 86, 646 N.E.2d 234. No strict form requirements are imposed for the presentment of claims to an executor. Children'sMed. Ctr. v. Ward (1993), 87 Ohio App.3d 504, 622 N.E.2d 692.
 {¶ 26} As H R notes, the Estate does not dispute the fact that H R sent a demand-for-payment letter addressed to the decedent at her place of business on August 15, 2003, within six months of her death on April 16, 2005. The Estate does not dispute that the named executrix of the estate, Glander, who also was the decedent's daughter and law partner, received this letter. Glander acknowledged her receipt of the letter when she called Stapleton and discussed the status of the account. Instead of forthrightly informing Stapleton that Harriet Steel had died, Glander said that Steel was "ill," thereby misleading her by giving her every reason to believe that Steel was then living. Stapleton sent a second letter to Steel's law firm, this time addressed to Glander directly, seeking payment of the debt, on October 7, 2003, also within six months of Steel's death.
 {¶ 27} R.C. 2117.06 requires only that a claim against an estate be received by the executor of an estate in a writing detailing the claim the creditor has against the estate within six months of the decedent's death. The form of the writing need only provide sufficient information to put the executor on notice that the creditor intends to pursue a claim against the estate. Providing the name of the creditor (H R), the name of the decedent (Harriet Steel), the nature of the debt (right to payment due to Pioneer for agricultural products delivered, assigned by Pioneer to H R), and the amount owed ($10,988.15) is sufficient compliance.
 {¶ 28} R.C. 2117.06 does not require that a law suit be filed against the estate within the six-month window; it requires only that the person in charge of the administration of the estate be presented with the claim within six months.[1] The two letters, which Glander does not dispute receiving, serve this purpose.
 {¶ 29} The Estate cites Morgan v. City National Bank andTrust Co. (1964), 4 Ohio St.2d 417, 212 N.E.2d 822, in support of its argument that the claim was improperly presented. TheMorgan case is distinguishable, most notably because inMorgan the claimant was relying solely upon an oral presentation of its claim against the estate. That is not the case here. H R sent a letter to Steel on August 15, 2003 (which Glander discussed with Stapleton), and a follow-up letter dated October 7, 2003, detailing the contents of the telephone conversation between Stapleton and Glander concerning payments tendered to the account. Both of these letters complied with the time requirements of R.C. 2117.06. The Estate has argued to this court that "reliance on verbal [sic, presumably "oral" is meant] communication is a dangerous avenue for a creditor." While this may be a valid concern in many cases involving claims against estates, in this case we are not reduced to relying purely upon oral communications.
 {¶ 30} Because H R presented its claim to the decedent's estate within six months, pursuant to R.C. 2177.06, and because the Estate has failed to raise any defenses to the validity of the claim, the trial court properly concluded that no genuine issue of material fact existed for jury determination.
 {¶ 31} The Estate's First Assignment of Error is overruled.
 IV {¶ 32} The Estate's Second Assignment of Error is as follows:
 {¶ 33} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT DID NOT TIMELY RESPOND TO THE MOTION FOR SUMMARY JUDGMENT."
 {¶ 34} The Estate argues that the trial court made a "clear and obvious error" by finding that the Estate's response to the motion for summary judgment was not timely filed because it was filed after the trial court permitted the estate leave to a response. The Estate cites no case law to support this proposition, nor does it indicate how the trial court's comment in the entry appealed has prejudiced the Estate. Although the trial court does say, in its entry, that the Estate filed its response out of time, the trial court indicated that it had considered the merits of the Estate's response to the motion for summary judgment, but concluded, nevertheless, that H R was entitled to summary judgment. Because the trial court in fact considered the Estate's response to the motion for summary judgment, any error in having characterized its response as not having been timely filed is harmless. See Countrywide HomeLoans, Inc. v. Rodriguez (Sept. 8, 2004), Lorain App. Nos. 03CA008345, 03CA008417 ¶ 23, 2004-Ohio-4723.
 {¶ 35} The Estate's Second Assignment of Error is overruled.
 V {¶ 36} Both of the Estate's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J., concur.
[1] The statute does not require that the person presenting the claim be aware that the claim is against an estate, rather than against a still living person. Because H R fulfilled its presentment requirement prior to Glander's misrepresentation that her mother was ill (when she was, in fact, already dead), we need not address what impact Glander's misinformation might have on the six-month time period under R.C. 2117.06.