[Cite as *Smith v. Estate of Knight*, **2019-Ohio-560.**]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Glenda Smith, | : | |
| Plaintiff-Appellant, | : | No. 18AP-534 |
| | | (C.P.C. No. 17CV-993) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Estate of Charles Knight, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 14, 2019

**On brief**: *Ray J. King*, for appellant.

**On brief**: *J.C. Deboard & Co., L.P.A.*, and *Susan N. Hayes*, for appellee.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1}    Glenda Smith, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the Civ.R. 12(B)(6) motion to dismiss filed by the Estate of Charles Knight ("estate"), defendant-appellee.

{¶ 2}    On January 27, 2017, appellant filed a complaint against Charles Knight, alleging assault, negligent assault, intentional infliction of emotional distress, negligent infliction of emotional distress, filing a false police report, and illegal restraint. Appellant attempted to serve the complaint on Knight, but, on March 1, 2017, the clerk of courts issued a failure of service notice. Appellant requested no other service on Knight.

{¶ 3}    On October 12, 2017 Knight died. On January 17, 2018, the trial court granted appellant's motion to substitute the estate as the defendant, and appellant filed an

amended complaint on January 29, 2018. The clerk of courts issued certified mail service on the estate on January 30, 2018. The clerk of courts filed a failure of service notice on April 6, 2018.

{¶ 4} On April 18, 2018, the court ordered appellant to show cause why the case should not be dismissed for lack of service on the estate. On April 19, 2018, appellant requested ordinary mail service on the estate. On April 23, 2018, the clerk of courts filed proof of service by ordinary mail.

{¶ 5} On May 2, 2018, the estate filed a motion to dismiss for failure to state a claim, arguing, among other things, that appellant's complaint should be dismissed based on her failure to serve the complaint on the estate within the required six-month period in R.C. 2117.06(C). On June 7, 2018, the trial court issued a decision and judgment in which the court granted the estate's motion to dismiss. The court explained appellant was notified on April 6, 2018 that certified service had failed and she requested service by ordinary mail on April 19, 2018. Proof of service by ordinary mail was issued April 20, 2018 and filed April 23, 2018. Thus, the court found that, because appellant did not serve the estate until over six months after Knight's death on October 12, 2017, appellant's claims against the estate were time barred by R.C. 2117.06.

{¶ 6} Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court erred in dismissing Plaintiff-Appellant's
> Complaint on the basis that Plaintiff-Appellant's complaint
> was not presented to Defendant-Appellee's estate within six
> (6) months after Defendant-Appellant's date of death.

{¶ 7} Appellant argues in her assignment of error the trial court erred when it dismissed her action pursuant to Civ.R. 12(B)(6). When reviewing a judgment rendered on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, ordinarily an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In considering the motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel.*

*Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). The trial court may only consider the complaint itself and certain written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys., Inc.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Industries, Inc.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). Rather, " '[i]f a Civ.R. 12(B)(6) movant relies on evidence outside of the complaint and its attachments, then Civ.R. 12(B) specifies that the motion must either be denied or converted to a summary judgment motion, which would proceed under Civ.R. 56.' " *Brisk* at ¶ 10, quoting *Acierno* at ¶ 30, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 156 (1983).

{¶ 8}    A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 9}    The present case turns on the definition of "presented," as used in R.C. 2117.06, which provides, in pertinent part:

> (A) All creditors having claims against an estate * * * out of tort * * * shall present their claims in one of the following manners:
>
> (1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:
>
> * * *
>
> (c) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section.
>
> * * *

> **(B)** [A]ll claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period.
>
> **(C)** [A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties * * *.

{¶ 10} The Supreme Court of Ohio has strictly construed the requirements of R.C. 2117.06. In *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, the court held a claimant did not comply with R.C. 2117.06(A) when he delivered his claim to individuals who had not been appointed by a probate court to serve as the executor or administrator of the estate, even though those individuals forwarded the written claim to the executor. In so holding, the court noted the Ohio Legislature's "commands in the statutory scheme were intended to be met with strict compliance." *Id.* at ¶ 14. The court explained that the requirements of R.C. 2117.06 are not arbitrary ones that elevate form over substance. *Id.* at ¶ 15. The court rejected that substantial compliance with R.C. 2117.06(A) should be permitted because a statute or rule that uses the word "shall" in describing an act to be performed is not generally susceptible of a substantial compliance standard of interpretation. *Id.* at ¶ 14. The court concluded the presentment obligation is mandatory in nature. *Id.*

{¶ 11} Appellant first argues *Wilson* is not persuasive because it was decided on an issue different than the one in this case; that is, in *Wilson*, the court found that service of the executor's agents, but not the executor, within the six-month period in R.C. 2117.06, did not meet the requirements of that statute. Although we agree that the underlying facts and issues were different than those in the present case, the Supreme Court's finding in *Wilson* is clear, and that finding applies directly to the present case. In *Wilson*, the court held that "R.C. 2117.06(A) is a clear and unequivocal command that 'all creditors * * * shall present their claims * * * to the executor or administrator in a writing.' The language unambiguously states that all creditors *shall* present their claims in writing to the executor or administrator, 'and no apparent purpose could be served by attempting to torture it into something else.' " (Emphasis sic.) *Id.* at ¶ 12, quoting *Beach v. Mizner*, 131 Ohio St. 481, 485 (1936). Thus, the court held, "a claim against an estate must be timely presented in

writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a)," and under that subdivision, delivery of a claim against an estate must be timely presented in writing to the actual executor. *Id.* at ¶ 22. Therefore, the import of the decision in *Wilson* as applied to the present case is clear: appellant was required to actually serve the complaint on the executor of Knight's estate. Her failure to do so, in violation of R.C. 2117.06, was fatal to her claim against the estate.

{¶ 12}  Appellant next argues that *Fortelka v. Meifert*, 176 Ohio St. 476 (1964), stands for the proposition that the mere filing of a petition against an administrator of a decedent's estate constituted a valid presentation of the claim to the administrator within the requirements of R.C. 2117.06. However, it is clear that in *Fortelka* the plaintiff served a copy of the personal injury complaint on the administrator of the decedent's estate, contrary to the present case, in which appellant failed to serve a copy of the complaint on Knight's estate. Furthermore, in *Wilson*, the Supreme Court addressed *Fortelka*, noting that, in *Fortelka*, it held "the commencement of a personal-injury action against an administrator of a tortfeasor's estate, *accompanied by proper and timely service of the summons and complaint upon the administrator*, constituted a valid presentment of the claim to the estate administrator and satisfied the requirements of R.C. 2117.06." (Emphasis added.) *Wilson* at ¶ 19. Therefore, *Fortelka* actually undermines appellant's argument in the present case, as appellant never timely served the complaint on the estate but only requested service of the complaint.

{¶ 13}  Appellant's final argument is that the trial court wrongly relied on *H&R Accounts, Inc. v. Steel Estate*, 2d Dist. No. 21213, 2006-Ohio-2331. The trial court cited *H&R Accounts* for the proposition that merely filing suit and requesting service does not qualify for presentment of claims for purposes of R.C. 2117.06; instead, R.C. 2117.06 requires a claim against an estate be "received" by the executor in writing within six months of the decedent's death. Appellant claims this discussion in *H&R Accounts* was dicta because the case was actually decided on the finding that the filing of a lawsuit is not a condition precedent to the presentment of a claim against the estate. We disagree. The court in *H&R Accounts* found that "R.C. 2117.06 requires * * * a claim against an estate be received by the executor of an estate in a writing detailing the claim the creditor has against the estate within six months of the decedent's death." *Id.* at ¶ 27. This finding was

necessary to the court's ultimate holding that "[t]he two letters, which [the executrix] does not dispute receiving, serve this purpose." *Id.* at ¶ 28. Therefore, we find appellant's argument unpersuasive and conclude the trial court property relied on *H&R Accounts* for the proposition cited. For the foregoing reasons, appellant's assignment of error is overruled.

{¶ 14} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____