[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1345.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

William H. Evans, Jr.,                          :

      Plaintiff-Appellant,               :

                                     No. 19AP-478

v.                                              :          (Ct. of Cl. No. 2019-00451JD)

Ohio Department of Rehabilitation and           :          (REGULAR CALENDAR)
Correction,

                                       :

      Defendant-Appellee.

D E C I S I O N

Rendered on April 7, 2020

**On brief:** *William H. Evans, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, William H. Evans, Jr., appeals from an entry of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} The facts of the instant matter are not in dispute. Evans is an inmate in the custody and control of ODRC at the Northeast Ohio Correctional Center. On April 3, 2019, Evans filed a complaint in the Court of Claims in which he asserted a claim for violation of 42 U.S.C. 12101 et seq., otherwise known as the Americans with Disabilities Act ("ADA"). The complaint alleges Evans has a mental impairment in the form of "Bi-Polar Affective Disorder I" and ODRC should accommodate this disability by designating his status as

"cell-alone" and assigning him to a single-person cell. (Compl. at ¶ 1.) In alleging he has "Bi-Polar Affective Disorder I," Evans references a mental health treatment plan attached to the complaint. Evans alleges the treatment plan, coupled with the fact he has been receiving Social Security Disability payments for several years, are conclusive evidence he has a disability as recognized under the ADA. (Compl. At ¶ 1.) Evans also alleges "he is treated differently than other inmates with a 'qualified disability,' such as inmates in a wheelchair, or those deemed dangerous due to mental illness" because they all "can be accorded a 'cell-alone' status." (Compl. at ¶ 2.)

{¶ 3} Evans further alleges "he is being excluded or denied benefits of [activities], being 'major life activities.' " (Compl. at ¶ 3.) He explains that "[b]y giving Evans a cell-mate, it causes Evans to be denied his adequate sleep, being able to concentrate and read and think." (Compl. At ¶ 3.) Therefore, Evans alleges, ODRC has failed to reasonably accommodate his disability.

{¶ 4} Evans seeks a declaratory judgment stating ODRC must accommodate his request to be designated as a "cell-alone" inmate, an injunction requiring the "cell-alone" designation be continued, and damages in excess of $25,000 as compensation for his claim. (Compl. at ¶ 4.)

{¶ 5} ODRC responded to Evans' complaint with a May 2, 2019 motion to dismiss, arguing the Court of Claims should dismiss the complaint in its entirety pursuant to Civ.R. 12(B)(6). Evans filed a memorandum contra ODRC's motion to dismiss on May 10, 2019.

{¶ 6} In a July 11, 2019 entry, the Court of Claims granted ODRC's motion to dismiss based on Evans' failure to plead all the essential elements required to establish a violation of the ADA. More specifically, the court found Evans' complaint failed to allege ODRC denied him a reasonable accommodation and he had requested such an accommodation. The Court of Claims further found Evans' complaint failed to allege ODRC discriminated against him because of his disability or that he was denied the opportunity to participate in or benefit from ODRC's services, programs, or activities, which are requisite elements to state a claim for violation of Title II of the ADA. Thus, the court dismissed Evans' complaint in its entirety for failure to state a claim for relief pursuant to Civ.R. 12(B)(6). Evans timely appeals.

## II.  Assignments of Error

{¶ 7}   Evans assigns two errors for our review:

[1.] Trial court errs in holding Evans failed to request accommodation under ADA.

[2.] Trial court errs in holding that Evans failed to allege that he was discriminated against.

## III.  Discussion and Legal Analysis

### A.  Standard of Review

{¶ 8}   When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  Unsupported conclusions of a complaint, however, are insufficient to withstand a motion to dismiss.  *Id.* at 193.  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, the plaintiff can prove no set of facts entitling him to relief.  *O'Brien* at 245.  Finally, although the trial court may not rely on evidence outside the complaint, it may take into consideration both the complaint and any attachments to it.  *Smith v. Estate of Knight*, 10th Dist. No. 18AP-534, 2019-Ohio-560, ¶ 7; *Beard v. New York Life Ins. & Annuity Corp.*, 10th Dist. No. 12AP-977, 2013-Ohio-3700, ¶ 11.

### B.  Title II of the ADA—42 U.S.C. 12132 et seq.

{¶ 9}   Title II of the ADA applies to state prisons and prisoners, and thus, prisons cannot use an inmate's disability as a reason to bar that inmate from participating in or receiving the benefits of recreation, medical services, educational programs, or vocational programs.  *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-346, 2011-Ohio-6825, ¶ 14, citing *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998).  Further, Title II requires public entities, including prisons, "to make reasonable

accommodations to enable disabled individuals to receive meaningful access to the services, programs, or activities that the public entities offer." (Citations omitted.) *Wolfe* at ¶ 15.

{¶ 10} To prevail on a claim brought under Title II of the ADA, a plaintiff must show: "(1) that he or she is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) the plaintiff was denied the opportunity to participate or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disability." *Wolfe* at ¶ 16, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048 (10th Dist.); *Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-782, 2010-Ohio-416. Further, in order to demonstrate discrimination based on disability, a plaintiff must show ODRC denied him a reasonable accommodation and he requested such an accommodation. *Thomson* at ¶ 26; *Wolfe* at ¶ 16.

### C. Appellant's Second Assignment of Error

{¶ 11} Because we find it dispositive to resolving this appeal, we begin by addressing appellant's second assignment of error. In his second assignment of error, Evans asserts the Court of Claims erred in finding he failed to allege he was discriminated against. Following our de novo review of the complaint, however, we agree with the court that Evans failed to allege in his complaint he has been prevented from participating in a service, program, or activity because of ODRC's failure to assign him to cell-alone status. We further agree with the Court of Claims that Evans' failure to allege he has been precluded from participating in a service, program or activity is dispositive of Evans' claim for violation of Title II of the ADA. *Wolfe* at ¶ 16.

{¶ 12} Evans has alleged he cannot get adequate sleep, concentrate, read, or think when sharing a cell with another inmate. Yet, as the Court of Claims found, these allegations are insufficient to demonstrate Evans has been denied participation in a program or activity because sleeping, concentrating, reading, and thinking are not programs or activities. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.1996) (finding that "incarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity' " as contemplated by Title II of the ADA, and further that "[s]leeping in one's cell is not a 'program' or 'activity' " under the ADA); *Thomas v. Pennsylvania Dept. of Corr.*,

615 F.Supp.2d 411, 427 (holding that "using the toilet, sink and shower facilities or being able to dress oneself, are not programs or activities as contemplated by Title II of the ADA any more than sleeping is").

{¶ 13} In *Thomas*, the plaintiff was an above-the-knee amputee inmate who brought suit against the prison where he was incarcerated for an alleged violation of Title II of the ADA based on the prison's refusal to assign him to a handicap cell. The court, citing favorably to *Bowers v. Natl. Collegiate Athletics Assn.*, 475 F.3d 524, 553 (3d Cir.2007), fn.32, found the plaintiff "has not alleged that he has been precluded from participating in a service, program, or activity because of defendants' failure to accommodate him with a handicap cell. Rather, the plaintiff alleges that, by denying his request for accommodation, i.e., a handicap cell, defendants have failed to attend to his medical needs. Defendants' alleged failure to attend to his medical needs, however, fails to state a claim under Title II of the ADA." *Thomas* at 426.

{¶ 14} Similarly, in this case, sleeping, thinking, reading, and concentrating are not programs or activities as contemplated by Title II of the ADA. As the Court of Claims determined, at best Evans has alleged ODRC failed to attend to his medical needs because of its failure to assign him to "cell-alone." Such allegations are insufficient to state a claim for violation of Title II of the ADA. *See Bryant* at 249; *Thomas* at 427. Therefore, we find the Court of Claims did not err in finding Evans failed to allege he was discriminated against, and the court properly granted ODRC's motion to dismiss Evans' complaint pursuant to Civ.R. 12(B)(6).

{¶ 15} Accordingly, we overrule appellant's second assignment of error.

### D. Appellant's First Assignment of Error

{¶ 16} In his first assignment of error, Evans asserts the Court of Claims erred in finding he failed to request an accommodation under the ADA. We previously found in addressing the second assignment of error the Court of Claims properly granted ODRC's motion to dismiss Evans' complaint pursuant to Civ.R. 12(B)(6). Therefore, due to our resolution of the second assignment of error, we find appellant's first assignment of error to be moot. App.R. 12(A)(1)(c).

**IV.  Disposition**

{¶ 17}  For the foregoing reasons, the Court of Claims did not err in granting ODRC's motion to dismiss pursuant to Civ.R. 12(B)(6).  Having overruled Evans' second assignment of error and determined his first assignment of error is moot, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.

————————————